GUSTAVE W. GEHIN, PROSECUTOR, v. BOARD OF COMMIS-
SIONERS OF THE CITY OF NEWARK, NEW JERSEY,
DEFENDANT.

Argued January 21, 1936—Decided February 6, 1936.

Before Justices CASE and BODINE.

For the prosecutor, *Child, Riker, Marsh & Shipman.*

For the defendant, *Frank A. Boettner* and *Raymond Schroeder.*

BODINE, J.   The prosecutor seeks to review the action of the board of commissioners of the city of Newark in adopting an ordinance entitled "An ordinance authorizing the issuance of $1,200,000 hospital bonds of the city of Newark," and also an ordinance authorizing certain school bonds. Prosecutor is a freeholder and a taxpayer of the city of Newark.   The federal emergency relief administration of public works was applied to for a loan to assist the city of Newark in financing the building of a fireproof hospital building, and for the construction of a school, and for the financing of changes and alterations in other buildings devoted to educational objects.   The relief administration will not grant, in any case, an amount exceeding forty-five per cent. of the amount required.   The total cost of the hospital building

would be about $4,500,000. But the main hospital unit could be constructed, it was estimated, for $3,090,909, of which the relief administration was willing to grant forty-five per cent. or the sum of $1,390,909. This would leave an obligation for the city of $1,700,000. The raising of this amount of money, it is conceded, would exceed the borrowing capacity of the city as fixed by the Local Bond act. *Pamph. L.* 1935, *p.* 186. Therefore, an ordinance was adopted providing for the issuance of $1,200,000 of bonds. The validity of this ordinance is challenged.

The ordinance recited that the maximum amount of money to be raised for the purpose, by the issuance of bonds, was the sum of $1,200,000. Section 202, subdivision (a) of the Bond act to be found in *Pamph. L.* 1935, *ch.* 77, *p.* 189; *Stat. Annual* 1935, *p.* 387, § *136-4600M(202), *subdiv.* (a), is as follows: "An authorization of the issuance of the bonds or notes, or both, stating in brief and general terms sufficient for reasonable identification, the purpose or purposes for the financing of which the obligations are to be issued, *and a statement of the maximum amount of money to be raised for the purpose,* and if for several purposes the maximum amount of money for each purpose." Prosecutor contends that a proper construction of the statute is, that it requires that the ordinance state the entire amount of money to be raised for the contemplated improvement. The city, on the other hand, contends that the requirement is that the ordinance shall state the maximum amount of money to be *presently* raised by the issuance of bonds or notes for the purpose described in the ordinance, and that the words "a statement of the maximum amount of money to be raised for the purpose" do not mean a statement of the total amount of money to be raised before the completion of the project.

It is pointed out that large projects, such as the municipal port terminal and the municipal city railway, have been in the past financed by a succession of bond issues, and that the practice has not resulted in the authorization of projects which have not been completed.

The sole problem is to determine the legislative meaning in requiring a statement of the maximum amount of money to

be raised for the contemplated purpose. We think the words mean that the greatest amount of money to be raised for the purpose shall be stated. Otherwise, the words are meaningless. An ordinance merely authorizing $1,200,000 of hospital bonds indicates that $1,200,000 is to be presently raised, but it does not show what is the maximum amount to be raised for the indicated purpose. It is obvious that since more money must be raised to construct the hospital, the ordinance must state the greatest amount to be raised for that purpose. Otherwise, the legislative provision is put at naught. Obviously, the purpose of the enactment was to prevent the commencement of an undertaking which might not be completed because of lack of funds. The concept once prevalent that values could always be increased has long since been disproved. The legislature intended that municipalities should declare in the ordinance authorizing the issue of bonds the highest amount of money to be raised for a specific purpose. The greatest or highest amount to' be raised must necessarily mean a sum of money known to be necessary to complete. Otherwise, a dozen bond issues might be necessary and perhaps some would go beyond the limit and the project would ultimately fail after millions had been spent.

The ordinance for the issuance of the school bonds likewise seems subject to the vice that it clearly appears that the statement as to the maximum amount of money to be raised for the declared purpose is not truly stated.

The writs will be allowed.